United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 24, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC. | Case No. 24-33357 |
| Debtor.<br>Tax I.D. No. 06-1672840 | |
| In re: | Chapter 11 |
| CONN APPLIANCES, INC. | Case No. 24-90423 |
| Debtor.<br>Tax I.D. No. 74-1290706 | |
| In re: | Chapter 11 |
| CAI HOLDING, LLC | Case No. 24-90424 |
| Debtor.<br>Tax I.D. No. 76-0612675 | |
| In re: | Chapter 11 |
| CONN LENDING, LLC | Case No. 24-90425 |
| Debtor.<br>Tax I.D. No. 26-3049857 | |
| In re: | Chapter 11 |
| CONN CREDIT I, LP | Case No. 24-90426 |
| Debtor.<br>Tax I.D. No. 26-3080545 | |
| In re: | Chapter 11 |
| CONN CREDIT CORPORATION, INC. | Case No. 24-90427 |
| Debtor.<br>Tax I.D. No. 74-1589273 | |

| | |
|---|---|
| In re:<br><br>CAI CREDIT INSURANCE AGENCY, INC.<br><br>       Debtor.<br>Tax I.D. No. 76-0575846 | Chapter 11<br><br>Case No. 24-90428 |
| In re:<br><br>NEW RTO, LLC<br><br>       Debtor.<br>Tax I.D. No. 88-1326400 | Chapter 11<br><br>Case No. 24-90429 |
| In re:<br><br>W.S. BADCOCK LLC<br><br>       Debtor.<br>Tax I.D. No. 59-0152010 | Chapter 11<br><br>Case No. 24-90430 |
| In re:<br><br>W.S. BADCOCK CREDIT LLC<br><br>       Debtor.<br>Tax I.D. No. 99-1265990 | Chapter 11<br><br>Case No. 24-90431 |
| In re:<br><br>W.S. BADCOCK CREDIT I LLC<br><br>       Debtor.<br>Tax I.D. No. 99-1266422 | Chapter 11<br><br>Case No. 24-90432 |

2

**ORDER (I) DIRECTING JOINT ADMINISTRATION**
**OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**
(Related to Docket No. ___)

Upon the motion ("Motion")[1] of Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, (a) directing the joint administration of the chapter 11 cases for procedural purposes only, and (b) granting related relief, each as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The above referenced cases are jointly administered for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Conn's, Inc., Case No. 24-33357 (ARP).  All of the jointly administered cases are assigned to Judge Perez.

2.       Additionally, the following checked items are ordered:

    a.  ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

3

    b.  ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

    c.  ☒ Other: See below.

3.    The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CONN'S, INC., *et al.*[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 24-33357 (ARP)<br><br>(Jointly Administered) |

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

4.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Conn's, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the Bankruptcy Local Rules for the Southern District of Texas directing joint administration for procedural purposes of the chapter 11 cases of each of the following: Conn's Appliances, Inc., Case No. 24-90423; CAI Holdings, LLC, Case No. 24-90424; Conn Lending, LLC, Case No. 24-90425; Conn Credit I, LP, Case No. 24-90426; Conn Credit Corporation, Inc., Case No. 24-90427; CAI Credit Insurance Agency, Inc., Case No. 24-90428; New RTO, LLC, Case No. 24-90429; W.S. Badcock LLC, Case No. 24-90430; W.S. Badcock Credit LLC, Case No. 24-90431; W.S. Badcock Credit I LLC, Case No. 24-90432. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-33357 (ARP).**

4

5.     The requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived.

6.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the chapter 11 cases.

7.     Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8.     Nothing in this final order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this order.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

 Signed: July 24, 2024

_____
Alfredo R Pérez
United States Bankruptcy Judge